84  441
s184s230

## Martha McMillen v Helen McMillen et al.

1. EQUITY PRACTICE—*Where a Decree Dismissing the Bill is Proper.*
—A decree dismissing the bill for want of equity is proper where the evidence does not show the complainant entitled to the relief prayed.

2. LACHES—*In Equity.*—Equity discourages stale demands.

Foreclosure.—Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1899. Affirmed. Opinion filed September 20, 1899.

LAWRENCE & LAWRENCE, attorneys for appellant.

H. M. STEELY and WINTER & REARICK, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Appellant filed her bill in equity against appellees to foreclose a mortgage, and in the alternative for specific relief. Upon the hearing the court found the equity with the appellees and gave decree dismissing the bill, from which appellant prosecutes this appeal, and insists that the decree is contrary to the evidence and the equity of the case.

In the lifetime of R. H. McMillen, the father of Joseph G. McMillen, the father conveyed certain lands to the son, and the son then agreed to pay $120 per year to the father during his lifetime, and to pay the same to appellant, his mother, during her lifetime, should she survive the father, and to secure this gave a mortgage upon the land so conveyed. After this the father died, leaving the mother, appellant, surviving. The son then procured the mother to release the mortgage, she accepting his personal undertaking in writing to pay her $120 per year on the 1st day of March in each year while she should live. The son did pay $120 per year from 1883 to 1887, when he died, intestate, leaving appellees, except Young, his widow and children, his heirs-at-law. Appellee Helen McMillen, widow, was appointed administratrix of her husband's estate, and appellant then

filed the written contract with her son as a claim against his estate, upon which was allowed $529.25, which was paid by the administratrix and accepted by appellant May 16, 1897, the present bill having been filed April 14, 1897.

It is contended in the argument of counsel by which it is sought to reverse the decree, that the release of the mortgage was obtained from the mother by the son by means of undue influence practiced upon her. Upon an examination of the evidence we find no sufficient evidence of such fact, and the finding of the court is otherwise supported by the evidence. Probating the claim, accepting its payment, the long delay in filing this bill, nearly ten years from the time of payment, combined with the fact that no advantage or undue influence induced the mother, so far as we can see, to voluntarily release her mortgage and claim against the land, and that, too, upon an apparent sufficient consideration, in our opinion form in equity a conclusive bar against the present bill. There is no more force in the claim for alternative relief than exists for a foreclosure of the mortgage.

Finding no error the decree of the Circuit Court will be affirmed. Decree affirmed.